UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>     Plaintiff,<br><br>     v.<br><br>ENBONY SMITH, et al.,<br><br>     Defendants. | Case No.: 1:13-cv-01886-LJO-BAM<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 21, 2013. On November 22, 2013, the Court ordered Plaintiff to either consent to or decline Magistrate Judge jurisdiction within thirty days. (ECF No. 2.) Plaintiff failed to comply with the order. Accordingly, on January 7, 2014, the Court issued a second order requiring Plaintiff to file a consent or decline form within thirty days. (ECF No. 6.) Plaintiff failed to comply with the order. Thereafter, on October 28, 2014, the Court issued an order requiring Plaintiff to consent or decline to the jurisdiction of the Magistrate Judge or show cause why this action should not be dismissed for failure to prosecute. Plaintiff was to respond within twenty-one days. (ECF No. 9.) More than twenty-one days have passed and Plaintiff has not complied with or otherwise responded to the

Court's show cause order.  Plaintiff was warned that failure to respond would result dismissal of this action without prejudice.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions including, where appropriate, dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's orders, the Court is left with no alternative but to dismiss the action for failure to prosecute.  Id.  This action, which has been pending since November 2013, can proceed no further without Plaintiff's cooperation and compliance with the orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  Id.  Accordingly, this action is HEREBY DISMISSED without prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated:   **December 1, 2014**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE